CHARLES KELTON, administrator, *vs.* EBENEZER HILL· & others.

*Evidence.   Fact for jury.   Instruction.*

A cash item of six dollars and sixty-seven cents is the largest amount that can be proved by a party's book and suppletory oath.

Where the amount of an item of credit in a plaintiff's account, annexed to the writ, is conceded by both parties to be erroneous, and no specific amount is agreed upon, it is for the jury to fix the amount from the evidence.

And it is erroneous in such case to instruct the jury that they may allow the defendants' account in set-off, inasmuch as its amount is less than the plaintiff's item of credit.

ON EXCEPTIONS.

ASSUMPSIT on account annexed for the labor and services of the plaintiff's intestate, amounting to $263.82, with an item of credit of "cash and sundries at sundry times," $156.

The defendant filed an account in set-off, comprising an item of "cash, goods, and merchandise delivered and paid in settlement of" the intestate's account, to Dec. 2, 1863, $95.88, and three other items amounting to $7.17.

The plaintiff objected to the introduction of the defendants' book of account for the purpose of proving items of cash of more than forty shillings, or any other item not properly a book charge.

The defendants' counsel declared that they had never paid Joseph Thompson so much money as was credited in the account sued ($156), and the plaintiff said it was an estimate of the amount which he supposed to have been received from the defendants, by the intestate.

All the items of the account, in set-off, were proved by book and suppletory oath of the defendants, and one item of $75 by another witness.

The presiding judge instructed the jury,—

That, ordinarily, a man was concluded by the statement of credit, entered by him, upon an account sued ; but that, as it was here confessed that so much money had not in fact been paid by the defendants to Joseph Thompson, he should instruct them that they might consider that the plaintiff was not concluded, by the credit in the writ, to the whole amount of $156 ; but they might allow the defendants the amount of their account in set-off, inasmuch as it was less than the amount of credit given on plaintiff's account annexed.

There was, in fact, no evidence of the amount paid by the defendants to the intestate (Thompson), except what could be obtained from the book-account.

The jury returned a verdict for the plaintiff for $26.82, and the plaintiff alleged exceptions.

*E. B. Smith*, for the plaintiff.

*Drew*, for the defendants.

Kelton *v.* Hill.

APPLETON, C. J.   This was an action brought by the plaintiff, as administrator of the goods and estates of Joseph Thompson, on the balance of an account annexed, to which an account in set-off was duly filed.

As the suit is by an administrator, the defendants are not admissible as witnesses generally.   They could not testify as to payments, except within the limitations allowed in book-accounts, nor as to any settlements made with the plaintiff's intestate.

The account-books of a party are admissible, with his suppletory oath to prove a charge of money to the amount of $6.67.   As the defendants could not testify generally, their testimony must be restricted to what can be proved by their books and suppletory oath.

The credit of the plaintiff was conceded by both sides to be erroneous.   No specific credit was agreed upon.   It was left indefinite and uncertain.   The amount was left to the jury, and it was for them to fix the amount due from the evidence.   There was nothing else upon which they could rely.

The presiding justice instructed the jury " that the book ordinarily would not prove any item of cash payment, above forty shillings, or $6.67 ; but that as he had instructed them that the plaintiff was not concluded by the entry of credit upon his account annexed, he should and did tell them that they might allow the defendants the amount of their account in set-off inasmuch as it was less than the amount of credit given upon the plaintiff's account annexed ; that the plaintiff would be held to a credit to this amount, and the judge stated the credit, as per book, to the jury, to be about $106."

As the credit was admitted to be erroneous, and as no sum was agreed upon, it remained for the defendants to prove the items of their account.   The jury could not properly allow the defendants' account, unless established by proof, merely because it was less than the amount of a credit which had been inadvertently and erroneously given, if there was no proof to sustain it, and when it was denied by the plaintiff.                              *Exceptions sustained.*

WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.